Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

John F. SHERLOCK, Jr.

No. 80–271–M.P.

Supreme Court of Rhode Island.

June 12, 1980.

Frank A. Carter, Jr., pro se.

Joseph B. Carty, Providence, for respondent.

ORDER

The Chief Disciplinary Counsel brought a petition before the Disciplinary Board (board) for action against the respondent, John F. Sherlock, Jr., an attorney authorized to practice law in the state alleging violation of Disciplinary Rule 6–101(A)(3)–neglect of a matter entrusted to his care; Disciplinary Rule 7–101(A)(2)–failure to carry out a contract of employment; and Disciplinary Rule 7–101(A)(3)–engaging in a course of conduct which prejudices the rights of a client.

A formal hearing was held by the board on March 20, 1979, at which time respondent failed to appear as ordered. At the hearing evidence was introduced regarding the administration of the estate of Ida Courtemanche in the Probate Court of the City of Pawtucket.

The record of the Probate Court revealed that proceedings were commenced in June 1969 by respondent acting at the behest of Omer Gagnon who was appointed administrator of the estate of Ida Courtemanche who had deceased April 24, 1969. The testimony revealed that respondent attorney took possession of all documents including bank books of decedent. At the commencement of the proceedings in the Pawtucket Probate Court, it was not known by respondent nor his client, Omer Gagnon, whether decedent's brother, Theodore Courtemanche was alive. However, by October 12, 1971, respondent became aware that said Theodore Courtemanche was in fact alive and living in Canada which fact was verified by a personal visit to Canada by respondent and Gagnon. As a result, it was conceded that Theodore Courtemanche was entitled to the entire proceeds of Ida's estate as her sole surviving heir. The respondent failed to close the estate of Ida and failed to place the funds of the estate in an interest bearing bank account. In the meantime Theodore Courtemanche died in 1976. Omer Gagnon, after failing to obtain action on the matter by respondent, finally engaged a new attorney to resolve and close the estate.

At the date of the hearing before the board, March 20, 1979, the estate of Ida Courtemanche remained unclosed after having been opened in June 1969. The delay in settling the estate was found by the board to be as a result of the indifference of respondent to carrying out his duties. The board also found that such inaction and delay by respondent and his failure to make timely distribution of the proceeds of the estate deprived the surviving heir, Theodore Courtemanche, of the benefit of the funds to which he was rightfully entitled. The board also found that respondent retained the estate funds in a non–interest checking account for a period of approximately nine years.

The board further found, by clear and convincing evidence, that respondent show disregard for his responsibility in handling the estate and that further his failure to appear at the hearing to explain his inaction in the matter was further evidence to his complete indifference to this responsibility as an attorney engaged to handle the estate of Ida Courtemanche.

It was the judgment of the board that respondent attorney did neglect the matter entrusted to him in violation of Disciplinary Rule 6–101(A)(3) and that he did fail to carry out a contract of employment in violation of Disciplinary Rule 7–101(A)(2). As regards the charge that respondent attorney was in violation of Disciplinary Rule

7–101(A)(3)—engaging in a course of conduct prejudicing the rights of his client, the board found insufficient evidence to sustain the charge.

Pursuant to the requirements of Disciplinary Rules 42–6(b) and (d), the Chief Disciplinary Counsel on April 1, 1980, submitted the board's findings and recommendations together with the record of the proceedings before the board to this court for review and the entry of an appropriate order.

In compliance with an order of this court entered April 14, 1980, respondent appeared personally before us in chambers on May 2, 1980, to show cause, if any he had, why disciplinary action should not be taken against him based on report of the board. On said date respondent requested that the matter be continued in order to enable him to obtain counsel. We granted his request and continued this matter to May 29, 1980, on which date respondent appeared before us accompanied by counsel.

The respondent and his counsel attempted to explain his lack of action and argued that we should not impose disciplinary action. In our opinion, however, respondent failed to present any factor in mitigation or extenuation of his conduct.

We have concluded that respondent has breached the standards of conduct required by the Code of Professional Responsibility prescribed by this court and find him to be in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2). It is our judgment that because of the high standard of conduct demanded of members of the Bar, that disciplinary action must be imposed.

After careful consideration of all the factors involved, it is our opinion that the respondent shall be and is hereby suspended beginning July 10, 1980, from engaging in the practice of law in this state until further order of this court. The respondent is further directed to comply with Rule 42–15 and· to furnish to the clerk of this court on or before June 25, 1980, the names and addresses of all clients represented by him. The clerk shall take such action as prescribed by said Rule 42–15. The respondent may, however, upon a satisfactory showing of compliance in good faith with this order apply for reinstatement on and after October 20, 1980.